# Harry M. Loeber, Defendant in Error, v. Charles R. Hor= rie, Plaintiff in Error.

## Gen. No. 16,258.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. CONTRACTS—*when parol evidence does not vary.* If the contract originally made was abrogated parol evidence is competent to show the relations of the parties.

3. APPEALS AND ERRORS—*when admission of erroneous evidence will not reverse.* The admission of erroneous evidence will not reverse unless prejudice resulted therefrom.

Error to the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 6, 1912.

AARON HEIMS, for plaintiff in error.

WHITMAN & HORNER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Harry M. Loeber, defendant in error, brought suit in the Municipal Court against Charles R. Horrie, plaintiff in error, to recover for labor and materials on a building on East End avenue in Chicago. The case was tried before the court and a jury and resulted in a verdict and judgment in favor of the plaintiff below for $516.87.

The evidence shows that the parties to the suit entered into two written agreements, one dated August 25, 1908, providing in substance that Loeber should provide all materials and perform all the work for the painting and cabinet furnishing for a three story apartment building, and provided the time and manner in which the work was to be done, and the times at

which payments were to be made, and the amounts of such payments. The second contract was made September 16, 1908, and provided for the performance of work and furnishing materials for decorating the building, how the work was to be done, and how payments were to be made. Both of these agreements were under seal.

The evidence shows that the parties subsequently, for sufficient reasons, among others the insanity of the architect designated to supervise the work, entered into a verbal contract for the doing of the work provided for in the contracts above mentioned, upon a commission basis. This contract was made in January, 1909, and it was agreed that Loeber was to do the work and be paid for it upon his affidavits of the amount expended for labor and materials each week as the work progressed; and in addition to that amount he was to have ten per cent commission thereon.

The contention of the plaintiff in error is that the verdict is manifestly against the weight of the evidence. Upon an examination of the evidence, we do not think that it shows any substantial defense upon the merits of the case. The work was done, and the plaintiff was not paid for it. We find no evidence indicating that it was improperly done, or that the defendant below had any substantial defense upon the merits.

It is also urged that the contracts entered into between the plaintiff and defendant, being under seal and executory, could not be modified by a parol agreement, and that therefore all the plaintiff's evidence concerning the work and materials and their value was incompetent and should have been stricken out. We are of the opinion that the contracts under seal originally made between the parties were not modified and therefore do not fall within the authorities cited by plaintiff in error. The contracts were abrogated, in our

opinion, and the work was done under the parol agreement. We think the evidence was competent and that no error was committed by the court in refusing to strike it out.

It is also contended that the court committed error in receiving in evidence a letter from Kennard, the architect. The letter in question was spoken of between the plaintiff and the defendant in their conversations when they entered into the new parol agreement, and having been so mentioned in the conversation between them it was competent evidence for whatever it was worth. We think, however, that if it was incompetent and improperly introduced in evidence, it could have produced no injurious results or affected the issues in this case in any manner injurious to plaintiff in error.

In our opinion the judgment of the court below is sustained by the evidence, and it is affirmed.

*Affirmed.*